UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MEYST, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01694-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO NOTIFY THE COURT OF HIS INTENT TO PROCEED ON CERTAIN CLAIMS ONLY<br><br>[ECF No. 1] |

Plaintiff Ester Burnett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on September 12, 2012. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 21, 2012. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On November 15, 2009, Plaintiff wrote to Warden Yates informing him that prison officials were actively soliciting other inmate gang members to assault Plaintiff by openly calling him a child molester and rapist. Yates ignored Plaintiff's letter, and Plaintiff was assaulted on February 4, 2010, by an inmate gang member.

On November 19, 2009, at approximately 11:30 p.m. Sergeant B. Carr and correctional officers Valasquez and Negrere, assaulted Plaintiff while he was handcuffed behind the back by kicking his legs and punching him in the lower back and neck.

On December 7, 2009, Plaintiff was summoned on the C-facility program office at approximately 9:00 a.m. by Captain A. Pineda. Plaintiff informed Pineda that correctional officers Salas, Roacha, E. Martinez, and Gallegos, were telling other inmate gang members he was a child

molester and rapist with the intent for Plaintiff to be assaulted. Pineda got up from his desk and opened his office door and yelled, "I want everyone to he[ar] this I don't give a fuck if you get stabbed, killed or assaulted you fuckin rapist get the fuck out of my office you[']re a worthless piece of shit. You want me to stop my staff from openly calling you a rapist that's not going to happen get the fuck out of my office."

On December 11, 2009, at approximately 7:00 p.m. correctional officers J. Meyst and Henry took over an escort that correctional officer A. Salas had initiated, and began to violently shove and push Plaintiff to the C-Facility program office. Once he was at the facility office, Plaintiff could not stand due to his back spasms. Meyst opened the holding cell and violently shoved Plaintiff in the cell and closed the door. When he was in the cell, Plaintiff fell to the floor due to his back spasms. Meyst became enraged Meyst, who then flung the cell door open and began screaming profanity at Plaintiff. Before Plaintiff could respond, Defendants Meyst and Henry grabbed him by the neck and pants and stated that he did not care about his medical problems. Meyst took Plaintiff by the neck and slammed his face against the back of the holding cell several times, and both Meyst and Henry repeatedly punched him in the back and neck area. Plaintiff suffered injuries as a result of the incident. During the incident, Lieutenant Rice and Sergeants B. Carr and B. Davi watched and laughed in amusement.

On December 12, 2009, at 4:00 p.m. correctional officers C. Morelock and A. Salas yelled out to all inmates in building 1 on C-facility that Plaintiff is a rapist with the intent to solicit gang members to assault Plaintiff. This conduct continued over a two and a half month period. On February 4, 2010, inmate Taylor, a gang member, assaulted Plaintiff stating that officials said he was a rapist.

### III.
### DISCUSSION

A.   Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

### 1. Defendants Carr, Valasquez and Negrere

Plaintiff's allegations that on November 19, 2009, Defendants Carr, Valasquez and Negrere assaulted while he was handcuffed by kicking and punching him state a cognizable claim, at the screening stage, for excessive force in violation of the Eighth Amendment.

### 2. Defendants Meyst, Henry, Rice, Carr and Davi

Plaintiff's allegations that on December 11, 2009, Defendants J. Meyst and Henry assaulted him by slamming his face against the wall, and repeatedly punching and kicking him in the back and neck area, states a cognizable claim for excessive force in violation of the Eighth Amendment. Plaintiff also states a cognizable claim against Defendants Lieutenant Rice and Sergeants B. Carr and B. Davi who watched and laughed during the incident.

### B.  Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to

protect prisoners from violence at the hands of other prisoners. Id. at 822; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

### 1. Defendant Pineda

Plaintiff states a cognizable claim against Defendant Pineda for failure to protect based on his allegation that on December 7, 2009, Pineda yelled to the inmate population that Plaintiff was a rapist and he did not care about his safety.

### 2. Defendants Morelock and Salas

Plaintiff states a cognizable claim for failure to protect against Defendants Morelock and Salas based on his allegations that on December 12, 2009, both officers yelled out to all the inmates in building 1 at C-facility that Plaintiff is a rapist with intent to solicit gang member inmates to assault him.

### 3. Defendant Warden Yates

Plaintiff alleges that on November 15, 2009, he wrote a letter to Warden Yates informing him that correctional officers were informing other gang member inmates that Plaintiff was a rapist in an attempt for Plaintiff to be assaulted.

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009);

Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff states a cognizable claim for failure to protect against Warden Yates based on his allegation that he wrote him a letter in February 2009, prior to the assault, and Yates failed to respond or take any other action.

C. Rule 18 of the Federal Rules of Civil Procedure

Finally, although the Court has found that Plaintiff's complaint states a cognizable claim against Defendants Carra, Valasquez, Negrere, Meyst, Henry, Rice, Carr and Davi for excessive force involving two separate incidents, and against Defendants Pineda, Morelock, Salas, and Yates for failure to protect in violation of the Eighth Amendment, the claims are unrelated and cannot be joined in a single action.

The first incident involving the use of force occurred on November 19, 2009, by Defendants Carr, Valasquez and Negrere only. The second incident involving the use of force occurred on December 11, 2009, by Defendants Meyst, Henry, Rice, Carr and Davi. The failure to protect claim arises from incidents on separate days against Defendants Pineda, Morelock, Salas and Yates. Accordingly, Plaintiff has improperly joined three separate and distinct claims in this single complaint.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Plaintiff is attempting to bring claims regarding unrelated incidents in this complaint. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Accordingly, if Plaintiff wishes to proceed on one of the claims found to be cognizable, he must notify the Court which claim he wishes to pursue in this action, and the other claims and defendants will be dismissed from the action.

## IV.

## CONCLUSION AND ORDER

1. Within **thirty (30)** days from date of service of this order, Plaintiff must notify the Court in writing that he wishes to proceed on one of the three claims found to be cognizable and specify which of the following unrelated claims he wishes to proceed with in his action:

   a. Defendants Carr, Valasquez and Negrere for excessive force on November 19, 2009;

   b. Defendants Meyst, Henry, Rice, Carr and Davi for excessive force on December 11, 2009; or

   c. Defendants Pineda, Morelock, Salas and Yates for failure to protect; and

2. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 9, 2013**

UNITED STATES MAGISTRATE JUDGE